UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALONZO CELESTINE                                           CIVIL ACTION

VERSUS                                                     NO. 10-771

TRANSWOOD, INC.                                            SECTION "K"

## ORDER AND OPINION

Before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Rule 12(b)(6). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

I.  BACKGROUND

In 2008, plaintiff Alonzo Celestine, a resident of Baton Rouge, entered into a contractual relationship with defendant Transwood Inc., a Nebraska corporation that conducts business in Louisiana. Pursuant to a "Rent-to-Own" agreement, defendant paid plaintiff to make intrastate deliveries while driving defendant's truck. Because plaintiff's route required that he cross the LA 1 Expressway's newly-constructed toll bridge, defendant supplied plaintiff with a "GeauxPass." A GeauxPass is a transponder that, when mounted in a vehicle, interacts with overhead tolling equipment to electronically deduct fees from a prepaid account, thus allowing the driver to pass through without stopping.[1] Defendant supplied plaintiff with $100 to purchase the GeauxPass, and the parties agreed to split the cost of maintaining the account.

---

[1]http://www.geauxpass.com/faqs.html.

1

Three months after acquiring the GeauxPass, plaintiff terminated his agreement with defendant. After informing defendant that he quit, plaintiff removed his personal belongings from the truck, but left the GeauxPass behind. Later, one of defendant's terminal managers, Stephen Hooge, tried to put additional funds in the GeauxPass account, but was unable to do so because plaintiff registered the GeauxPass in his name rather than defendant's. In an attempt to switch the account, Hooge filled out a transfer request form and signed plaintiff's name. A GeauxPass employee then contacted plaintiff regarding the request. Plaintiff refused to permit the transfer. Ultimately, Hooge returned the GeauxPass to plaintiff.

Following the incident, plaintiff filed a criminal forgery complaint against Hooge. When that charge was dismissed due to insufficient evidence, plaintiff filed this complaint, seeking compensatory, punitive, and emotional distress damages.

## II. LAW AND ANALYSIS

Under 28 U.S.C. § 1332, a federal district court has subject matter jurisdiction over any civil action in which the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Because neither party questions that diversity of citizenship exists, the Court turns to the issue of whether the amount in controversy exceeds $75,000.

Courts determine the amount in controversy as of the filing date. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). The party seeking to invoke § 1332 carries the burden of showing jurisdiction is proper. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). In general, a plaintiff's good-faith claim as to the amount in controversy will control and a court will not dismiss for lack of jurisdiction unless it appears a legal certainty that the claim is for less than $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

Case 3:10-cv-00771-SRD -KWR   Document 17   09/28/11   Page 2 of 4

283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). However, the Fifth Circuit has held that the "legal certainty" test is inapplicable in cases where a plaintiff alleges damages of an indeterminate amount. *Greenberg*, 134 F.3d at 1253. In such a case, the proper inquiry is whether it is facially apparent from the complaint that the amount in controversy likely exceeds $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th. Cir. 1999). For purposes of the "facially apparent" test, bare allegations of jurisdictional fact are insufficient to vest a federal court with jurisdiction. *Greenberg*, 134 F.3d at 1253.

In this case, plaintiff does not allege damages of a determinate amount, only that "[t]his action exceeds the jurisdictional amount of $75,000." (Rec. Doc. 1 at 1). The remainder of the complaint lacks even a single reference to a specific dollar amount. Plaintiff's naked and conclusory assertion that "as a result of the defendant's actions of repeatedly forging his signature, he has been made to suffer damages" is wholly insufficient to establish the jurisdictional amount. (*Id.* at 2). Even if the Court were to make a strained attempt to infer how plaintiff may be entitled to relief, his prayer for compensatory, punitive, and emotional distress damages would still fail to satisfy the amount-in-controversy requirement. With respect to compensatory damages, defendant returned to plaintiff the only property at issue in this case—the GeaxPass. Moreover, Louisiana state law authorizes punitive damages only in limited circumstances, none of which apply here. *See Arabie v. Citgo Petroleum Corp.*, 49 So.3d 529, 551 (La. App. 3d Cir. 2010) (listing those articles of the Louisiana Civil Code that expressly authorize punitive damages). Finally, although plaintiff asks for emotional distress damages, he fails to allege any facts indicating he actually suffered emotional distress. Thus, any amount of damages plaintiff could recover for emotional distress would be at best extremely minimal.

3

Case 3:10-cv-00771-SRD -KWR    Document 17    09/28/11    Page 3 of 4

In short, plaintiff's attempt to invoke federal jurisdiction pursuant to § 1332 fails under both tests. The complaint does not, on its face, show that the amount in controversy exceeds $75,000. To the contrary, based on the allegations, it appears a legal certainty that plaintiff is not entitled to damages exceeding the jurisdictional amount. Because the Court concludes that it lacks jurisdiction over this matter, it need not address defendant's 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

III. CONCLUSION

For the foregoing reasons, defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is GRANTED.

New Orleans, Louisiana, this 28th day of September, 2011.

_____
STANWOOD R. DUVAL
UNITED STATES DISTRICT JUDGE